Name: DANIEL ANGEL RODRIGUEZ
Prison Number 48128-004
Place of Confinement Federal Detention Facility, Miami

United States District Court
Southern District of Florida

United States,
   Plaintiff,

v.

Case No. 94-00402-CR-Martinez

DANIEL ANGEL RODRIGUEZ
_____/

## MOTION TO UNDER 28 U.S.C 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY

1. Name and location of court which entered the judgment of conviction under attack   United States District Court for the Southern District of Florida.

2. Date of judgment of conviction April 11th, 2018.

3. Length of sentence: 37 months.

4. Nature of offense involved (all counts): Revocation of Supervised Release.

5. What was your plea? (Check one)

   (a) Not guilty          []
   (b) Guilty              [x]
   (c) Nolo contendere []

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: Not Applicable.

6. Kind of trial: (Check one) {No trial, case plead}

   (a) Jury          []

(b) Judge only     [X]

7. Did you testify at the trial?

   Yes [] No [x]

8. Did you appeal from the judgment of conviction?

   Yes [X] No []

9. If you did appeal, answer the following:

   (a) Name of court: UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

   (b) Result Voluntary Dismissal
   (c) Date of result 06/19/2018.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?

    Yes [] No [ x ]

11. If your answer to 10 was "yes," give the following information: (not applicable)

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the fact supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    A. Ground one: Denial of effective assistance of counsel.

    Supporting FACTS (tell your story briefly without citing cases or law):

## Counsel Failed to Move to Recuse the Court and All Southern District of Florida Circuit Court Judges

Defendant's counsel failed to recuse the Judge in the instant case. There was an existing order enter by the Honorable Chief Judge Edward B. Davis, on August 16th, 1994, that stated that all District Judges in the Southern District of Florida are recused from consideration of this cause. On August 16, the Eleventh Circuit Court of Appeals entered a designation Order on this matter as well. (See Exhibit #1)

In 2010 the Honorable Judge Federico Moreno sent a letter to the Federal Bureau of Prisons objecting to Mr. Rodriguez obtaining any credit for the time he had served in state custody on this matter. (Exhibit #2) The Federal Bureau cited Judge Moreno's letter in is decision to deny Mr. Rodriguez his request. The Ninth Circuit of Appeals made it very clear that the recusal entered in 1994 was still in full effect when in its 2016 decision they rebuked Judge Moreno's 2010 letter and ordered the lower District Court to grant the defendant's request for habeas relief. (*Rodriguez v. Copenhaver*, 823 F.3d 1238) The Appellate Court clearly found that the passage of time has not diminished the potential conflict of interest.[1]

The reason for this recusal order was the allegation that the Defendant had been involved in "pistol-whipping," "beating," and robbing then-sitting U.S. District Judge Shelby Highsmith. Although Mr. Rodriguez was found not guilty of that offense at trial the Court's enmity towards the defendant was clear when it asked the prosecutor why it could not extend the life of the Defendant so get could serve more time. (T. P5, L10)[1] Based on the Order of Recusal entered in

---

[1] In this case, Chief Judge Moreno, a colleague of an alleged victim of **Rodriguez**'s crimes, strongly recommended "severe [] sanction[s]" and the denial of the *nunc pro tunc* designation to avoid "insult" to his colleague. To make matters worse, the chief judge presented his recommendation under the guise of a neutral adjudicator by sending his letter in place of the sentencing judge's recommendation. The Bureau of Prisons adopted the recused judge's [**12] recommendation and denied **Rodriguez**'s application. Such actions do not satisfy the appearance of justice. Nor do they

this case by Judge Davis and the ruling issued by the Ninth Circuit Court of Appeals in 2016 the Honorable Judge Jose Martinez and all Southern District of Florida Circuit Court Judges were required to recuse themselves from participating in any proceedings involving Mr. Rodriguez. Mr. Rodriguez's Attorneys failed to fail to file a Motion of Recusal and to object to Judge Martinez preceding over Mr. Rodriguez's Supervise Release Violation Hearing.

### Counsel Failed to Properly Analyze and Calculate the Correct Statutory Sentencing Maximum

All factual assertions contained in the procedural history and elsewhere in this petition are fully incorporated herein by specific reference. This claim is evidenced by the following: Defendant's sentencing counsel miscalculated and misrepresented to the Court the sentencing guidelines, actually inducing the illegal sentence. In fact, sentencing counsel reminded the judge that Mr. Rodriguez had "time in the bank," as the judge described it, and indicated to the judge that it could go as high as 36 months. In fact, Mr. Quintero told the Court to "max him out to whatever you need to max him out to." The problem was that legally, Mr. Rodriguez could only be sentenced to 24 months. That is the statutory maximum. Sentencing counsel had not reviewed the law in order to adequately represent Mr. Rodriguez at sentencing.

---

afford **Rodriguez** his due process right to neutral adjudication. Thus, as a matter of both statute and due process, the Bureau of Prisons should not have considered Chief Judge Moreno's letter. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876, 883-84, 129 S. Ct. 2252, 173 L. Ed. 2d 1208 (2009); *Mayberry v. Pennsylvania*, 400 U.S. 455, 466, 91 S. Ct. 499, 27 L. Ed. 2d 532 (1971). Furthermore, there is no way that this error can be deemed harmless in as much as the Bureau specifically cited and relied on the Moreno letter in denying **Rodriguez**'s application.
We reverse and remand for the district court to grant the writ and to direct the Bureau of Prisons to reconsider, within 30 days, **Rodriguez**'s application for *nunc pro tunc* designation, and to do so without regard to Chief Judge Moreno's letter Rodriguez v. Copenhaver, 823 F.3d 1238, 1243 (9th Cir. 2016)

### Counsel Failed to Object to the Sentence that Was Pronounced when it Exceeded the Statutory Maximum

All factual assertions contained in the procedural history and elsewhere in this petition are fully incorporated herein by specific reference. This claim is evidenced by the following: When the Court entered an illegal sentence, higher that the statutory maximum, sentencing counsel failed to enter and objection when the Court asked if there was an objection to the findings of fact or the manner in which sentence was pronounced.

### Counsel Advised Defendant that Any Appeal of the Illegal Sentence would Prevent Any Cooperation in the Substantive Case

All factual assertions contained in the procedural history and elsewhere in this petition are fully incorporated herein by specific reference. This claim is evidenced by the following: After the illegal sentence was entered, Mr. Rodriguez sought to file an appeal of the sentence. Counsel instructed him that doing so would ruin any chance of a cooperation agreement. By then however, it was clear, or should have been clear to counsel, that the United States was not seeking to grant any cooperation to Mr. Rodriguez. However, Mr. Rodriguez, not aware of this fact, agreed to voluntarily withdraw his appeal.

### The Sentence is Illegal under Apprendi and Section 3853

All factual assertions contained in the procedural history and elsewhere in this petition are fully incorporated herein by specific reference. This claim is evidenced by the following:

In its relevant part, 18 USCS § 3583 states:

> (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a

condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case;

Felon in possession of a firearm is a Class "D" felony. As such, the statutory Maximum for the violation of supervised release is 24 months. Mr. Rodriguez did not admit any fact that would expose him to a greater penalty. As such, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), this sentence is illegal.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: NOT APPLICABLE; first motion.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?

    Yes [] No [x]

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) .

    (b)

    (c) At trial:

    (d) At sentencing:

    (e) On appeal NOT APPLICABLE

    (f) In any post-conviction proceeding:

    (g) On appeal from any adverse ruling in a post-conviction proceeding: Not

applicable.

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

Yes [] No [x]

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes [x] No []

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Respectfully Submitted.

Louis V. Martinez____
Louis V. Martinez ESQ.
FBN: 528862
Law Offices of Louis V. Martinez
2333 Brickell Ave Suite A-1
Miami Fl. 33129
*Tel: (305)764-3834*
Fax: *(305)764-3834*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on 29 day of July, 2019

_____
Signature of Movant
Name: DANIEL ANGEL RODRIGUEZ
Prison Number 48128-004
Place of Confinement Federal Detention Facility, Miami